**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                   **CR NO. 22-462 DHU**

LATRICE THOMAS,

       Defendant.

**<u>MOTION APPEALING MAGISTRATE'S ORDER OF DETENTION</u>**

Defendant Latrice Thomas ("Ms. Thomas"), by and through undersigned counsel, Romero & Winder, PC (Joe M. Romero, Jr.), appeals her continued pre-trial detention pursuant to 18 U.S.C. § 3145(c) and requests an Order releasing Defendant on conditions deemed appropriate by this Court. As grounds, counsel states:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1.      Ms. Thomas was indicted on March 23, 2022. The two count Indictment charges her with making a False and Fictitious Statement to a Federally Licensed Firearm Dealer, and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 922(g)(1). Neither of these charges subject Ms. Thomas to a mandatory minimum sentence, nor do the charges impose a presumption of pre-trial detention under 18 U.S.C § 3142.

2.      Ms. Thomas has been in federal custody, since the United States took custody of Ms. Thomas directly from the State of New Mexico on March 7, 2022.

3.      On March 11, 2022, Magistrate Judge John F. Robbenhaar ordered the pretrial release of Ms. Thomas to La Pasada Halfway House pending the availability of bed space (Doc. 14). At said hearing, undersigned counsel learned that La Pasada Halfway House ("La Pasada")

reduced its available bed space for women from fourteen beds to only three beds. The reduction was due to quarantine requirements for individuals exposed to COVID-19. The reduction of female bed space availability at La Pasada has effectively led to Ms. Thomas' ongoing detention.

4.     As an alternative to La Pasada, Ms. Thomas – through undersigned counsel – filed a Motion to Reconsider Order of Detention Pending Trial and to Allow Reasonable Conditions of Release (Doc. 23). The Motion to Reconsider, filed on April 9, 2022, requested that Magistrate Judge Robbenhaar allow Ms. Thomas' release to the Hoffman House Program as an alternative to La Pasada.

5.     On April 15, 2022, Magistrate Judge Robbenhaar entered an Order Denying Ms. Thomas' Motion to Reconsider (Doc. 25).  The Order stated that the Hoffman House Program does not "appear to provide oversight of the resident in terms of, for example, travel restrictions, a curfew, limitation on association with others, job search assistance, or close interface with the United States Probation and Pretrial Services." *See* Doc. 25 at 5. The Order found that conditions of release are available to mitigate Ms. Thomas' risk of flight and danger to the community at La Pasada as opposed to the alternative location (Hoffman House) recommended by Ms. Thomas.

6.     Given her history, Ms. Thomas contends that in addition to qualifying for release to La Pasada, she should also be considered for release to the alternative Hoffman House location.  Regarding the concern of flight risk, it is accurate to state that although Ms. Thomas' elderly grandmother lives in New Mexico, the majority of her family ties are in northern California. Ms. Thomas moved to New Mexico in 2015 to be close to her grandmother. She resided in New Mexico until mid-2020 when she moved back to northern California. While in New Mexico Ms. Thomas resided in various apartment locations in Albuquerque and attended Central New Mexico Community College. The primary reason for moving back to northern

California was the fact that from February 2019 to February 2020, Ms. Thomas was arrested and detained at the Metropolitan Detention Center (MDC) for a crime (homicide) she did not commit. After the homicide charge was dismissed, she felt safer and more secure leaving New Mexico and returning home to be near her mother and extended family.

7.      On October 18, 2021, while residing in Oakland, California, Ms. Thomas was re-arrested and extradited back to New Mexico after the State of New Mexico re-filed the same homicide charge against her. The homicide case was then again dismissed on March 4, 2022. Prior to the second dismissal of the homicide case, the United States filed a Criminal Complaint against Ms. Thomas, alleging the commission of the firearms related charges reference earlier in this pleading.

8.      Prior to being re-arrested in California, Ms. Thomas was employed, and not engaged in criminal activity. In fact, prior to her October 18, 2021 arrest in California, Ms. Thomas had sustained a serious work related injury. As such, at the time of her arrest, she was scheduled to undergo a knee replacement operation. When extradited and presently while detained, Ms. Thomas is able to ambulate only with the assistance of crutches or a wheelchair.

9.      Regarding flight risk, any concern that Ms. Thomas may pose a flight risk is mitigated by the fact that Ms. Thomas is forty (40) years of age and presently in need of a serious medical procedure (a knee replacement). After her knee replacement, she will require extensive physical therapy and rehabilitation. In addition, if convicted of the present offenses, and prior to the Court considering any variance or departure from applicable sentencing guideline range, Ms. Thomas is facing an estimate maximum sentencing guideline range of less than five years. As such, Ms. Thomas is highly motivated to avoid aggravating her current situation by violating any

conditions of release. Upon being released, her priority will be to schedule her knee replacement surgery and start physical therapy, not to flee the jurisdiction.

10.     Regarding criminal history, Ms. Thomas' felony convictions occurred in her twenties and are quite stale. Further, Ms. Thomas criminal history is not particularly violent. Since 2010, for example, she has two misdemeanor battery charges, neither of which resulted in a conviction. Her record also includes multiple non-violent, misdemeanor traffic citations, misdemeanor vandalism, and misdemeanor possession of marijuana.

## II.     STANDARD OF REVIEW BY DISTRICT COURT

11.     There is general agreement in the case law that the District Court should make its own independent conclusions and should thus review the magistrate's findings *de novo*. *United States* v. *Leon*, 766 F.2d 77 (2nd Cir. 1985); *United States v. Delker,* 757 F.2d 1390 (3rd Cir. 1985); *United States v. King,* 849 F.2d 485, 491 (11th Cir. 1989); *see* also United States v. Kinslow, 105 F.3d 555, 557 (10th Cir, 1997).

## III.     MS. THOMAS IS ENTITLED TO RELEASE UNDER THE FACTORS LISTED IN 18 U.S.C § 3142.

12.     Ms. Thomas is eligible to be released on conditions pursuant to 18 U.S.C. § 3142(c).  All other forms of release, including release on conditions, must be considered before detention.  "Only as a last resort should pretrial detention be invoked." *United States v. Cox,* 635 F Supp. 1047, 1050 (D. Kan, 1986). The statutory scheme set out in the Bail Reform Act favors pretrial release over detention. *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007); *United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (en banc). Any doubts regarding release should be resolved in the defendant's favor. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). As a result, only in "rare" cases should pretrial release be denied. *Id*. *See also United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (pretrial detention is an exceptional step);

*Sabhnani*, 493 F.3d at 75 (pretrial detention is appropriate for only a limited group of offenders);

*United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc) (Congress intended that "very

few" defendants would be subject to pretrial detention).

13.     This case does not involve pending charges that create a rebuttable presumption in

favor of detention. Moreover, neither of the pending charges trigger a mandatory minimum

sentence upon conviction.

14.     In determining whether release on conditions is warranted, the court is to consider

not just the history and characteristics of the Ms. Thomas, but also "the weight of the evidence".

*See*, 18 U.S.C. § 3142(g).

15.     The strength of the evidence against Ms. Thomas is not sufficient to meet the

Government's burden of showing that she would be a flight risk if she were released under strict

conditions. First, an *a fortiori* showing that relies only on the allegations in the Indictment is not

enough to meet the Government's burden to prove there exists no combination of conditions that

will reasonably assure Ms. Thomas' appearance. *See Sabhnani*, 493 F.3d at 76 (strong evidence

of serious crime carrying long sentence is not itself enough to meet government's burden).

16.     Regarding the weight of the evidence, the sum of evidence is statements made by

Ms. Thomas, incriminating herself for the instant offenses when she submitted to a police

interview regarding the police investigation of the aforementioned homicide. During her

interview regarding the homicide case, she was reasonably assured that her statements regarding

any guns she owned or possessed at the time of the homicide would not be used against her.

17.     Pursuant to 18 U.S.C § 3142 (b), Ms. Thomas should be released on conditions

"unless the judicial officer determines that such release will not reasonably assure the appearance

of the person as required or will endanger the safety of … the community." Reasonable

assurance does not require a guarantee of appearance. *United States v. Tortora,* 922 F.2d 880 (1st

Cir. 1990). The standard required of the Act is that of an objectively reasonable assurance of appearance at trial. *United States v. Miller,* 625 F.Supp. 573 (D. Kans. 1995). Indeed, Congress envisioned the fashioning of conditions allowing release even "where there is a substantial risk of flight." H. Rep. No. 1030, 98th Cong. 2d Sess. 15 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3198.

18.    The conditions which Ms. Thomas recommends that the Court impose include release to the Hoffman House Project, Ms. Thomas will agree to home detention at the Hoffman House, submit to GPS monitoring, and agree to abide by any other reasonable restriction such as limiting her travel, preventing her association with identified individuals, submitting to random urinalysis testing and reporting as directed.

19.    AUSA Jack Burkhead opposes the motion.

20.    Defendant Latrice Thomas requests an evidentiary hearing on this motion for release  as soon as possible.

Respectfully Submitted,
**Romero & Winder, PC**

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.
Attorney for Latrice Thomas
1905 Lomas, Blvd. N.W.
Albuquerque, N.M. 87104
(505) 843-9776
EM: joe@romeroandwinder.com

**Certificate of Service**

I certify that a true and correct copy of the foregoing to all counsel of record via the Court's CM/ECF electronic document and delivery system.

*/s/ Joe M. Romero, Jr.*
Joe M. Romero, Jr.